MOJICA, APELADO, *v.* GONZÁLEZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 849.—Resuelto en marzo 27, 1913.

DAÑOS Y PERJUICIOS—FALTA DE CAUSA DE ACCIÓN—ACCIÓN REIVINDICATORIA.— El demandante compró a los herederos de Juan Barreto Petana veinte y nueve cuerdas cincuenta y dos céntimos de una finca de treinta y dos cuerdas que el demandado poseía con título posesorio inscrito en el registro. Este último había firmado un documento obligándose a otorgar a dicha sucesión escritura de venta de la finca, tan pronto obtuviera título de dominio sobre la misma, pero en lugar de hacerlo así la vendió a un tal Juan Delgado. Esta finca, según la demanda, aunque la poseía el demandado, era de la propiedad de Juan Barreto Petana. El demandante como adquirente de la parte de dicha finca ya mencionada, le reclama al demandado cierta cantidad en concepto de daños y perjuicios por haber traspasado la finca al citado Delgado. Se resolvió que la demanda en este caso no aduce hechos suficientes, porque de la misma se desprende que el título quedó en Juan Barreto Petana o sus herederos, y éstos como tales tendrían siempre el derecho a la reivindicación de la finca, cuyo derecho excluye la acción de daños y perjuicios; además, aun en el supuesto de que los herederos tuvieran causa de acción de daños y perjuicios contra el demandado, la transmisión hecha por ellos al demandante se refería a su participación en la finca, pero nó al derecho de acción contra el demandado por daños.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogados del apelado: *Sres. H. H. Scoville* y *Luis Méndez Vaz.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

A la demanda presentada en este caso formuló el demandado una excepción previa que fué desestimada. El demandado a la vez presentó su contestación admitiendo en ella virtualmente los hechos contenidos en dicha demanda, pero presentando nuevas materias objeto de defensas para que se anulara la obligación, cuyo cumplimiento se exigía. En el

juicio, la discusión principal que surgió, fué con motivo de un documento escrito que fué presentado por el demandante, en el cual el demandado reconocía que estaba en posesión de las treinta y dos cuerdas de terreno pertenecientes a la sucesión de Juan Barreto Petana por virtud de un título posesorio, pero que él, dicho demandado, traspasaría el mismo a la referida sucesión tan pronto como hubiese obtenido un título de dominio. El demandado hizo caso omiso de su ofrecimiento y traspasó la finca a Juan Delgado causando así perjuicios al demandante, según se ha alegado. El demandado presentó y ofreció testigos de reputación para probar que el documento escrito había sido obtenido de él fraudulentamente, puesto que en realidad, él tenía derecho a las fincas en cuestión o a su equivalente, debido a los convenios que había efectuado con Juan Barreto Petana a quien el demandado había traspasado la finca en cuestión y por la cual jamás había recibido cantidad alguna; que el padre en su lecho de muerte había suplicado a sus hijos que verificaran el pago al demandado; que él entró en posesión de la finca con conocimiento y consentimiento de los hijos o algunos de los mismos y posteriormente y a virtud de una gran insistencia y súplica por parte de ellos, estuvo conforme en venderles la finca firmando al efecto un contrato; que luego los hijos vinieron donde él y le hicieron ver que el susodicho convenio o contrato se había perdido, por lo que le suplicaron que firmara otro documento que le entregaron, manifestándole que aquel que le presentaban era enteramente igual al que había firmado anteriormente; que él, dicho demandado, por ser un sacerdote, se encontraba entonces expidiendo varias licencias de nacimiento y otras de igual clase, y firmó el documento sin haberlo leído.

El demandante en esta acción es el comprador de las participaciones pertenecientes a la sucesión de Juan Barreto Petana.

La corte, después de haber hecho un detenido análisis de la prueba, dictó sentencia a favor del demandante por los daños y perjuicios que se le causaron ascendentes a la suma

de $1,843, principalmente por haber existido una gran con-
tradicción en la prueba y teniendo en cuenta el principio de
que todo aquel que firma un contrato, se presume que lo hace
con conocimiento de causa, y que este documento era tan corto
(constaba de menos de una hoja de papel) que el demandado
solamente hubiera tenido que darle una ojeada para enterarse
de su contenido, y además, porque existían incongruencias en
la declaración del demandado.

La alegación principal en este tribunal ha versado sobre
la prueba, si bien el apelante no ha dejado de hacer alega-
ciones en cuanto al error cometido por la corte al desestimar
la excepción previa. Pasemos a examinar la demanda.

Según ésta, el demandante Eusebio Mojica es vecino del
Pueblo de Trujillo Bajo, y expresa que Juan Barreto Petana
falleció intestado en 30 de enero de 1892, dejando a su viuda
y trece hijos, treinta y dos cuerdas de terreno comprendidas cn
la jurisdicción de la Carolina; que algunos de los hijos falle-
cieron, por lo que la madre entró en posesión de las participa-
ciones correspondientes a los mismos, y que uno de los otros
hijos murió dejando su participación a sus hijos y nietos;
que el demandado, el día 13 de octubre de 1892, injusta e ilegal-
mente, tomó posesión de dicho predio de terreno compuesto
de 32 cuerdas, sabiendo perfectamente que no tenía título
o derecho a dicho predio, y obtuvo un título posesorio de
ese mismo terreno y de otra porción perteneciente a él, de
igual cabida, haciendo un total de sesenta y cuatro (64)
cuerdas; que después de haber obtenido el demandado dicho
título posesorio el día 7 de octubre de 1901, otorgó a la su-
cesión de Juan Barreto Petana un documento, en el cual
admitió que del terreno contenido en las sesenta y cuatro
cuerdas, de las cuales había obtenido un título posesorio que
había sido inscrito a su nombre en el Registro de la Propiedad,
las 32 cuerdas ya descritas en la demanda, pertenecían a la
sucesión de Juan Barreto Petana y no al demandado, com-
prometiéndose en dicho documento a transferir dichas treinta
y dos cuerdas de terreno a la mencionada sucesión tan pronto

como el demandado hubiese obtenido un título de dominio; que posteriormente el demandante adquirió por compra a varios miembros de la sucesión de Juan Barreto Petana 29.52 cuerdas de las treinta y dos cuerdas de terreno que pertenecían a dicha sucesión; que a pesar de los distintos requerimientos que se han hecho al demandado desde que adquirió las 29.52 cuerdas de terreno de los expresados herederos, el demandado se ha negado y rehusado otorgar la escritura de dicha propiedad, de acuerdo con su compromiso o a entregar la posesión de ella a los herederos de Barreto Petana o al demandante, y que no obstante la existencia del mencionado contrato, el demandado ha vendido el terreno de referencia a Juan Delgado, otorgándole el correspondiente título, causando con esto, daños al demandante en la suma de dos mil dólares ($2,000) valor del terreno, y mil quinientos dólares ($1,500) por las rentas y beneficios de dicha propiedad desde el 7 de octubre de 1901.

El apelante admite en su alegato que el demandante tendría una buena causa de acción si el pleito seguido hubiera sido por reivindicación, pero que no habiendo ejercitado dicha acción sino la de daños y perjuicios, que es subsidiaria, ésta no puede prosperar. El apelado por el contrario sostiene que al dejar González Lajo, al ser requerido para ello, de traspasar la finca al demandante, de conformidad con el contrato, traspasándosela a otra persona, dicho demandado quedó responsable por daños y perjuicios.

Si fuera ésta una acción entablada por los herederos de Juan Barreto Petana ¿cuál sería entonces el derecho de los mismos contra el demandado? Se alegó en la demanda que el título lo tenía el padre de dichos herederos habiendo pasado luego a ellos. No se alegó que el demandado tuviera otro título que el posesorio. El apelado ni siquiera alega que el demandado obtuviera un título de dominio y que posteriormente lo traspasara a Juan Delgado, sino que solamente expresa que dicho demandado adquirió un título posesorio y lo inscribió en el Registro de la Propiedad; de modo que en cuanto

al demandado González Lajo, los herederos siempre, hasta el traspaso a Juan Delgado, tuvieron una buena acción reivindicatoria o de otra clase, pues es bien conocido que un título posesorio no será eficaz en oposición al de otra persona con mejor derecho o al del verdadero dueño. (Ley Hipotecaria, artículo 394, y sus comentarios.)

González Lajo inscribió su título posesorio en el Registro de la Propiedad y vendió la finca a Juan Delgado. Este último no pudo adquirir más derechos que los que tuviera su causante. De modo que si González Lajo no tenía el dominio de la finca, tampoco lo tenía Delgado. La situación legal no mejoró por la venta hecha a Delgado. Su título continuó siendo posesorio y continuará siéndolo mientras no se eleve a título de dominio, lo que no resulta de la demanda. Por tanto, los herederos de Juan Barreto Petana a no ser por el traspaso que hicieron a Eusebio Mojica, hubieran podido ciertamente ejercitar la acción reivindicatoria contra Juan Delgado.

¿Qué derechos de acción fueron los que adquirieron los herederos por virtud de la promesa hecha por González Lajo? Según hemos visto, la demanda se basa en el supuesto de que los herederos adquirieron un título en la finca, proveniente del padre de los mismos. Teniendo ya un verdadero título, según se ha alegado en la demanda, el traspaso hecho por González Lajo no podía conferirles más derecho. Ellos no fueron perjudicados, si se tiene en cuenta la demanda, por el hecho de que González Lajo no hiciera el traspaso, y por tanto, no surgió ninguna acción. Ellos tenían primeramente una causa de acción contra el apelante en reivindicación y después contra la persona a quien González Lajo hizo el traspaso. Y no hubieran quedado en mejor situación por el hecho de que González Lajo hubiera traspasado la finca a los mismos, conservando la posesión. El solamente quedó obligado por su contrato a traspasar el título o aquella parte del mismo que tenía.

Hay mucha más razón para resolver que Eusebio Mojica

carece de causa de acción. El no tenía relación alguna contractual con González Lajo ni era su causahabiente. El apelado, según la demanda, solamente adquirió 29.52 cuerdas de las 32 que pertenecían a los herederos de Juan Barreto Petana. Les compró terrenos pero no sus derechos de acción contra González Lajo, si es que algunos tenían. El apelado compró cuando ya constaba del Registro que la finca había sido traspasada a Juan Delgado. El daño o perjuicio, si alguno hubo, se había causado a la sucesión, y si ellos le vendieron algo sin título alguno, su acción procede contra los mismos. Si tenían el título, entonces todavía tendría él una causa de acción contra Juan Delgado, quien según hemos visto, no adquirió título alguno contra los herederos de Juan Barreto Petana.

No se ha hecho alegación alguna de que Juan Delgado adquiriera por prescripción el dominio de los terrenos, impidiendo así que el demandante recobrara el terreno ni podría hacerse tal alegación porque, según la demanda, la posesión de González Lajo es fraudulenta y no se ha alegado que Juan Delgado haya estado en posesión por diez años.

La demanda es defectuosa de cualquier manera por no alegarse en ella ningún deber u obligación por parte del apelante para con el apelado o de que le sucediera en los derechos de alguno de los herederos de Juan Barreto.

La sentencia debe ser revocada y dictarse otra a favor del demandado, sin especial condenación de costas.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Juez disidente: Sr. MacLeary.

El Juez Asociado Sr. del Toro firmó haciendo constar estar conforme con la sentencia, pero nó con todas los razonamientos consignados en la opinión.

La moción de reconsideración presentada en este caso fué declarada sin lugar.